KEITH PATRICK BANNER (SBN 259502)
KBanner@GreenbergGlusker.com
COLE F. NICHOLAS (SBN 354027)
CNicholas@ggfirm.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067
Telephone:      310-553-3610
Facsimile:      310-553-0687

Attorneys for Jason M. Rund,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>GREGORY A. PEPLIN,<br><br>Debtor.<br><br>_____<br><br>JASON M. RUND, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>EQUITY FINANCIAL DESIGN, LLC, a California Limited Liability Company,<br><br>Defendant. | Case No. 2:24-bk-13645-DS<br><br>Chapter 7<br><br>Adversary Case No. _____<br><br>**COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFER PURSUANT TO 11 U.S.C. §§ 547 AND 550** |

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

76207-00002/5236093.4

Plaintiff Jason M. Rund, Chapter 7 Trustee ("Plaintiff" or the "Trustee") of the bankruptcy estate of Gregory A. Peplin (the "Debtor"), hereby files this complaint (this "Complaint") to avoid and recover preferential transfers against Equity Financial Design, LLC ("EFD" or "Defendant").  In support of this Complaint, Plaintiff alleges, as follows:

## JURISDICTION AND VENUE

1.      Pursuant to 28 U.S.C. §§ 157 and 1334(b), this court has subject matter jurisdiction over this adversary proceeding, which arises under title 11 of the Unites States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and arises in, and relates to a case under chapter 7 of the Bankruptcy Code pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (this "Court"), captioned *In re Gregory A. Peplin,* Case No. 2:24-bk-13645-DS (the "Bankruptcy Case").  Plaintiff consents to the entry of a final order and judgment by this Court.

2.      The statutory and legal predicates for the relief sought herein are sections 547 and 550 of the Bankruptcy Code and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

3.      This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2).  The Court can enter a final judgment herein.

4.      Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

## THE PARTIES

5.      Plaintiff is the duly appointed and acting chapter 7 trustee of the bankruptcy estate of the Debtor.  Pursuant to sections 323, 547 and 550 of the Bankruptcy Code, Plaintiff is authorized and has standing to pursue this avoidance and recovery action on behalf of the Debtor's bankruptcy estate.

6.      Plaintiff is informed and believes and based thereon alleges that Equity Financial Design, LLC was and is limited liability company operating under and by virtue of the laws of California doing business in Los Angeles County, California.

## PROCEDURAL BACKGROUND

7.      The Debtor commenced the Bankruptcy Case by filing a voluntary Petition under chapter 7 of the Bankruptcy Code on May 9, 2024 (the "Petition Date").

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

8.     Effective as of the Petition Date, the Office of the United States Trustee duly appointed Plaintiff as the Chapter 7 Trustee of the Debtor's Bankruptcy Case.

### GENERAL ALLEGATIONS

9.      As Plaintiff was appointed as of the Petition Date, Plaintiff does not have personal knowledge of the facts alleged in this Complaint that occurred prior to the Petition Date and therefore alleges all those facts on information and belief.

10.     The Debtor, as borrower, and EFD, as lender, are party to Note Secured by Deed of Trust dated June 28, 2023 (the "Note") pursuant to which EFD advanced the Debtor a loan in the principal amount of $505,000.00 (the "Loan").  Attached as Exhibit 1 hereto and incorporated herein by this reference is a copy of the Note.

11.     Plaintiff is informed and believes and based thereon alleges that EFD advanced to the Debtor the full principal amount of the Loan at or around the time the Note was executed.

12.     In connection with the Loan, on or about June 28, 2023, the Debtor executed a Deed of Trust with Assignment of Rents (Long Form) (the "DOT") purporting to grant a security interest in favor of EFD in the Debtor's real property located at 1429 Via Sevilla La Verne, CA 91750 Los Angeles County (the "Sevilla Property").  Attached as Exhibit 2 hereto and incorporated herein by this reference is a copy of the DOT.

13.     EFD did not record the DOT with the Los Angeles County Recorder's Office at, or around the time it advanced the Loan to the Debtor.

14.     EFD recorded the DOT with the Los Angeles County Recorder's Office on February 12, 2024, as Instrument No. 20240093414 (the "Recording") – more than eight (8) months after advancing the Loan to the Debtor.

15.     EFD caused the Recording to occur within the 90-day period prior to the Petition Date.

16.     Plaintiff is informed and believes and based thereon alleges that at the time of the Recording, the Debtor was insolvent, as the Debtor's banking and other financial records provided to Plaintiff demonstrate that the Debtor's liabilities exceeded his assets at that time and the Debtor was unable to pay his debts as they became due at the time of the Recording.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

17. Upon learning of the Recording, Plaintiff performed his own due diligence evaluation of the reasonably knowable affirmative defenses available to EFD, which included the Trustee's review of all facts known to the Trustee relating to the Recording, including but not limited to documents relating to the Recording and the Note as well as the financial and accounting records of the Debtor. The Trustee and his counsel further consulted applicable legal authorities based on the known circumstances relating to the Recording.

18. On or about June 4, 2024, following Plaintiff's due diligence regarding the Recording, Plaintiff, through counsel, sent a demand letter (the "Demand") to EFD, requesting that the EFD promptly reconvey, cancel, withdraw, or otherwise terminate the DOT with the Los Angeles County Recorder. Attached as <u>Exhibit 3</u> hereto and incorporated herein by this reference is a copy of the Demand.

19. Neither the Trustee nor his counsel have received a response from EFD to the Demand.

20. As of the date of this Complaint, EFD has not reconveyed, canceled, withdrawn, or otherwise terminated the DOT.

21. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers or recordings made to EFD or other transferees during 90-day period prior to the Petition Date. It is Plaintiff's intention to avoid and recover all preferential transfers of property made by the Debtor to or for the benefit of EFD or any other transferee. Plaintiff reserves his right to amend this original Complaint to include: (i) further information regarding the Recording, (ii) additional transfers or recordings, (iii) modifications of and/or revision to EFD's name, (iv) additional defendants and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

/ / /

/ / /

/ / /

1

**FIRST CLAIM FOR RELIEF**

2

**FOR AVOIDANCE OF PREFERENTIAL TRANSFER**

3

(11 U.S.C. § 547(b))

4

22.    Plaintiff incorporate all preceding paragraphs as if fully re-alleged herein.

5

23.    Plaintiff is informed and believes and based thereon alleges that the Recording

6

constitutes a transfer under section 101(54) of the Bankruptcy Code.

7

24.    Plaintiff is informed and believes and based thereon alleges that EFD caused the

8

Recording to occur within the 90-day period prior to the Petition Date prescribed under section

9

547(b) of the Bankruptcy Code.

10

25.    Plaintiff is informed and believes and based thereon alleges that, at the time of the

11

Recording, EFD was a creditor of the Debtor within the meaning of section 101(10) of the

12

Bankruptcy Code, because at or before the time of the Recording, EFD asserted, or could have

13

asserted, a right to payment against the Debtor on account of the Loan, as memorialized by the

14

Note.

15

26.    Plaintiff is informed and believes and based thereon alleges that the Recording

16

occurred more than thirty (30) days after the Loan was advanced, constituting an avoidable

17

transfer under section 547(e)(2)(B) of the Bankruptcy Code.

18

27.    Plaintiff is informed and believes and based thereon alleges that at the time of the

19

Recording, the Debtor was presumed insolvent pursuant to section 547(f) of the Bankruptcy

20

Code, as the Recording was made during the 90-day period prior to the Petition Date.

21

28.    Plaintiff is informed and believes and based thereon alleges that at the time of the

22

Recording, the Debtor was insolvent within the meaning of section 101(32) of the Bankruptcy

23

Code by reason of the fact that the Debtor's liabilities exceeded its assets and the Debtor was

24

unable to pay its debts as they became due.

25

29.    Plaintiff is informed and believes and based thereon alleges that as a result of the

26

Recording, Defendant received more than Defendant would have received had the Recording not

27

been made and Defendant only received payment through this chapter 7 Bankruptcy Case under

28

the priority scheme of the Bankruptcy Code, as (i) absent the Recording, EFD would only have an

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    unperfected security interest in the Sevilla Property, which is subordinate to the estate's judicial

2    lien rights to the Sevilla Property granted under section 544(a)(1) of the Bankruptcy Code; (ii) the

3    Debtor's schedules and statement of financial affairs filed in the Bankruptcy Case demonstrate

4    that there is sufficient value in the Sevilla Property for the EFD's purported lien to attach, and

5    that absent avoidance of the Recording, the purported lien would attach and secure EFD's claim

6    to the detriment of the estate and its unsecured creditors; (iii) since the estimated value of the

7    Debtor's aggregate obligations greatly exceeds the estimated value of his assets, EFD's claim

8    against the estate, if treated as unsecured, would be paid out on a pro-rata basis with other

9    unsecured claims; and (iv) if the Recording is not avoided, the Defendant would receive more on

10   its claim than it would if the claim were treated as unsecured and paid on a pro-rata basis with all

11   other unsecured claims.

12        30.    By reason of the foregoing, Plaintiff is entitled to avoid the Recording pursuant to

13   section 547(b) of the Bankruptcy Code.

## SECOND CLAIM FOR RELIEF

## FOR RECOVERY OF AVOIDED PREFERENTIAL TRANSFER

(11 U.S.C. § 550(a))

17        31.    Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

18        32.    Plaintiff is entitled to avoid the Recording pursuant to section 547(b) of the

19   Bankruptcy Code.

20        33.    Defendant was the initial transferee of the Recording or the immediate or mediate

21   transferee of such initial transferee or the person for whose benefit the Recording was made.

22        34.    Pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to the

23   recover the Recording, or its value, for the benefit of the estate, plus the costs of this action.

24

## PRAYER

26   WHEREFORE, Plaintiff prays for entry of a judgment against Defendant, as follows:

27        1.    On the First and Second Claims for Relief, judgment in favor of Plaintiff and

28   against EFD avoiding the Recording and permitting the estate's recovery thereof pursuant to

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

sections 547(b) and 550(a) of the Bankruptcy Code, plus the costs and expenses of this action

including, without limitation, attorneys' fees; and

2.      For any and all other relief the Court deems just and proper.


DATED:  July 25, 2024                    GREENBERG GLUSKER FIELDS CLAMAN
                                         & MACHTINGER LLP


                                         By: /s/ Keith Patrick Banner
                                            KEITH PATRICK BANNER (SBN 259502)
                                            COLE F. NICHOLAS (SBN 354027)
                                            Attorneys for Jason M. Rund, Chapter 7
                                            Trustee

# EXHIBIT 1

Exhibit 1 Page 0008

# NOTE SECURED BY DEED OF TRUST

Loan Number: **2023-1429**    Date of Note: **June 28, 2023**    APN: **8664-036-030**    Chino Hills, California

Property Address: **1429 Via Sevilla, La Verne, CA 91750**

**1. BORROWER'S PROMISE TO PAY.** In return for a loan ("Note") that I have received, I promise to pay U.S. **$505,000.00** ("principal"), plus interest, to the order of **Equity Financial Design, LLC,** as to an undivided 100% interest, (all of whom will be called "Lender"). I understand that the Lender may transfer this Note at which time such transferee shall also be called Lender.

**2. INTEREST.** I will pay interest at **11.0%** per annum (the "Interest Rate") on the unpaid principal in the manner described below. Interest commences on the date the loan amount is wired to escrow or title (the "Funding Date" which is anticipated to be **June 29, 2023**). By executing this Note, I authorize Lender to fund this loan immediately, subject to Lender's completion of its underwriting practices, which are at Lender's sole and absolute discretion. Lender has not and will not fully approve the Loan until Lender, at its sole and absolute discretion, has deposited funds into an escrow account and has instructed the escrow or title company to disburse the funds to Borrower directly and/or to third parties on Borrower's behalf. No oral modification of this condition is valid or effective. Interest will be charged on unpaid principal until and including the following date after Lender has received the full amount of principal and any other outstanding amounts: a) the date Lender receives a wire for such amount, or b) the next business day after which Lender receives a cashier's check for such amount, or c) five (5) business days after Lender receives such amount via any other form.

**3. PAYMENTS.** I will make my payments without demand by Lender each month on the 1st day of each month in the amount of **$4,629.16** ("Starting Monthly Payment") beginning on the first day of the second month following the Funding Date (such first payment is estimated to be August 1, 2023) and continuing monthly until **July 1, 2024** (the "Maturity Date") at which time all sums of principal and interest then remaining unpaid shall be due and payable in full along with a $30.00 wire fee to Lender. Interest for the calendar month in which this Note is funded and the calendar month in which the entire principal balance of this Note is paid off will be calculated on the basis of a 360-day year and the actual number of days elapsed. Interest for any other calendar month during which the principal of this Note is outstanding will be calculated on the basis of a 360-day year and an average month of 30.41667 days (1/12th of 365 days) in the following manner: by multiplying the outstanding principal amount by the Interest Rate (or Default Interest Rate, if applicable), multiplying the product thereof by 30.41667, and dividing the product so obtained by 360. A payment of interest from the Funding Date to and including the last day of the same calendar month as the Funding Date shall be paid on the Funding Date and withheld from the loan proceeds wired to the title company. I will make my payments payable as follows: 100% of the payment amount above shall be payable to **Equity Financial Design, LLC, PO Box 2756, Chino Hills, CA 91709,** unless otherwise notified by Lender. Each payment under this Note shall be credited in the following order: (a) costs, fees, charges, and advances paid or incurred by Lender or payable to Lender and interest thereon under any provision of this Note or the Deed of Trust, in such order as Lender, in its sole and absolute discretion, elects, (b) interest payable under the Note, and (c) principal under the Note. I do not have the right to prepay interest and Lender has no obligation to accept interest before it is due.

**4. BORROWER'S FAILURE TO PAY AS REQUIRED.**

   **(A) Late Charge For Overdue Payments.** If I do not pay the full amount of each monthly payment by the end of **10** calendar days after the date it is due, I will pay a late charge to Lender. The amount of the charge will be **10.00%** of my overdue payment or U.S.**$5.00**, whichever is more. I will pay this late charge only once on any late payment.

   **(B) Default.** If I do not pay the full amount of each monthly payment due under this Note by the date stated in paragraph 3 above, I will be in default, and Lender may demand that I pay immediately all amounts that I owe under this Note.

   Even if, at a time when I am in default, Lender does not require me to pay immediately in full as described above, Lender will still have the right to do so if I am in default at a later time.

   **(C) Interest on Interest.** If any interest payment under this Note is not paid when due, the unpaid interest shall be added to the principal of this Note, shall become and be treated as principal, and shall thereafter bear like interest at the Default Interest Rate.

   **(D) Entire Balance Due/Default Interest Rate.** If I am in default of any covenants, representations, or warranties contained in the Deed of Trust, Personal Guaranty, Certificate of Business Purpose Loan, or this Note, Lender may do one or more of the following: (i) require that I immediately pay any outstanding balance with interest due on this balance until paid and/or (ii) raise the above stated Interest Rate to 15.00% (the "Default Interest Rate") without any notice during the period I am in default. The increased Interest Rate shall apply from the occurrence of the default until all defaults have been cured. Lender may exercise one of these options without giving up its right to exercise another option if my default continues.

   **(E) Payment of Lender's Costs and Expenses.** If Lender incurs any costs and/or expenses in enforcing the terms of this Note, I agree to pay all of such Lender's costs and expenses to the extent not prohibited by applicable law and such costs and expenses shall become additional obligations under this Note and secured by the Deed of Trust. Those expenses include, for example, reasonable

Borrower's Initials _____        Page 1 of 4        Promissory Note

Exhibit 1 Page 0009

attorney's fees. A default upon any interest of any Lender shall be a default upon all interests. Such costs and expenses shall be added to principal and bear interest at the Interest Rate or Default Interest Rate, whichever is applicable.

**5. BORROWER'S PAYMENTS BEFORE THEY ARE DUE.** I have the right to make a <u>single</u> payment of the <u>entire</u> principal balance (but not part) at any time before the Maturity Date. Any payments in excess of what is due at the time of payment that would not pay off the entire principal balance may be held by Lender at its discretion without credit or offset to interest owed and shall be applied to the next payment(s) due. I shall give Lender <u>exactly</u> 5 business days (neither less nor more) prior written notice (with receipt acknowledged by Lender) of such principal payment. Failure to so notify Lender shall result in the payment of interest for 5 business days following a) such notice and acknowledged receipt or, b) absent such notice, the receipt of the principal payment.

**6. GUARANTEED INTEREST.** Notwithstanding anything else contained herein, in no event shall Borrower pay less than the equivalent of 30 days' interest on the Note.

**7. BORROWER'S WAIVERS.** I waive my rights to require Lender to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to Lender if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors, sureties and endorsers."

**8. RESPONSIBILITIES OF PERSONS UNDER THIS NOTE.** Each person who signs this Note along with any person who is a guarantor, surety, or endorser of this Note as well as anyone who takes over the obligations of any of these persons, is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Lender may enforce its rights under this Note against each person individually or against all of us together. This means that anyone of us may be required to pay all of the amounts owed under this Note.

**9. DEED OF TRUST.** In addition to the protection given to Lender under this Note, a Deed of Trust with a **DUE ON SALE OR ENCUMBRANCE/TRANSFERS** clause dated the same date of this Note, protects Lender from possible losses which might result if I do not keep the promises which I make in the Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note. Some of those conditions are described as follows:

"Borrower shall not, and shall not permit, acquiesce to or allow any of the following to occur: (i) a sale, conveyance, lease for longer than one (1) year (including options to renew), assignment, transfer, encumbrance (including but not limited to "junior" liens secured by second or third trust deed) other than the lien hereof and liens for property taxes that are not yet due and payable, alienation, pledge or other disposition (whether directly or indirectly, voluntary or involuntary, or by operation of law) of all or any portion of the Property or an interest in the Property or direct or indirect ownership interests in the Borrower; (ii) the reconstitution or conversion of Borrower from one entity to another type of entity; (iii) the issuance or other creation of ownership interests in the Borrower; or (iv) a merger, consolidation, reorganization or any other business combination with respect to Borrower. For purposes of this provision, any of the events described above shall be defined as a "Transfer". If any such Transfer occurs it shall shall constitute an immediate default under the Note and Deed of Trust and any all sums due hereunder or under the Note shall be immediately due and payable."

**10. WAIVER OF JURY TRIAL.** I HEREBY AGREE TO WAIVE TO THE FULLEST EXTENT NOT PROHIBITED BY LAW, MY RIGHTS TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF: (A) THE LOAN OR THE PROPERTY, (B) THIS NOTE, THE DEED OF TRUST, OR ANY OTHER LOAN DOCUMENT OR INSTRUMENT BETWEEN MYSELF AND LENDER RELATING TO THIS NOTE, THE PROPERTY OR THE LOAN, OR (C) ANY DEALINGS BETWEEN BORROWER AND LENDER RELATING TO THE SUBJECT MATTER OF THIS NOTE OR THE LOAN. THE SCOPE OF THIS WAIVER IS INTENDED TO BE ALL ENCOMPASSING OF ANY AND ALL DISPUTES THAT MAY BE FILED IN ANY COURT AND THAT RELATE TO THE CONTRACT CLAIMS, TORT CLAIMS, ANTITRUST CLAIMS, BREACH OF DUTY CLAIMS, AND ALL OTHER COMMON LAW OR STATUTORY CLAIMS. I HERETO FURTHER WARRANT AND REPRESENT THAT I HAVE REVIEWED THIS WAIVER WITH LEGAL COUNSEL OF MY OWN CHOOSING, OR HAVE HAD AN OPPORTUNITY TO DO SO, AND THAT I KNOWINGLY AND VOLUNTARILY WAIVE MY JURY TRIAL RIGHTS HAVING HAD THE OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL. THIS WAIVER IS IRREVOCABLE, MEANING THAT IT MAY NOT BE MODIFIED EITHER ORALLY OR IN WRITING, AND THIS WAIVER SHALL APPLY TO ANY SUBSEQUENT AMENDMENTS, RENEWALS, SUPPLEMENTS, OR MODIFICATIONS TO THIS NOTE OR ANY OTHER LOAN DOCUMENT. IN THE EVENT OF LITIGATION, THIS AGREEMENT MAY BE FILED AS WRITTEN CONSENT TO A TRIAL BY THE COURT WITHOUT A JURY TRIAL.

**11. WAIVER AND RELEASE BY BORROWER.** To the extent permitted by applicable law, Borrower: (a) waives (i) protest of the Note and Deed of Trust held by Lender on which Borrower is any way liable and (ii) notice and opportunity to be heard, after acceleration in the manner that is provided herein, before exercise by Lender of the remedies of self-help or set-off permitted by law or by any agreement with Borrower, and except where required hereby or by law, notice of any other action taken by Lender; and

Exhibit 1 Page 0010

(b) releases Lender and and its/their ...cers, attorneys, agents and employees from all clai...s for loss or damage caused by any act or omission on the part of Lender and RIC and/or its/their officers, attorneys, agents and employees, except willful misconduct or gross negligence.

**12. INDEMNIFICATION, RELEASE, AND NON-LIABILITY PROVISIONS.** Borrower agrees to indemnify, to defend and to save and hold Lender harmless from any and all claims, suits, obligations, damages, losses, costs and expenses (including, without limitation, Lender's attorneys' fees), demands, liabilities, penalties, fines and forfeitures of any nature whatsoever that may be asserted against or incurred by Lender, and its/their officers, directors, employees, attorneys and agents arising out of, relating to, or in any manner occasioned by this Note and the Deed of Trust and the exercise of the rights and remedies granted Lender under this Note and the Deed of Trust (including, without limitation,  Lender's enforcing or attempting to enforce payment of the loan or in prosecuting or defending any of Lender's rights under this Note and Deed of Trust as well as by: (1) the ownership, use, operation, construction, renovation, demolition, preservation, management, repair, condition, or maintenance of any part of the Property as defined in the Deed of Trust; (2) the exercise of any of Borrower's rights that may be collaterally assigned and pledged to Lender hereunder; (3) any failure of Borrower to perform any of its obligations hereunder; (4) any misrepresentation, breach of warranty or breach of covenant by Borrower whether caused by Borrower, any obligor or others; and/or (5) any failure of Borrower to comply with any of its obligations, representations and warranties set forth herein. The foregoing indemnity provisions shall survive the cancellation or termination of this Note and/or the repayment of the loan as to all matters arising or accruing prior to such cancellation, termination and/or repayment and the foregoing indemnity shall survive in the event that Lender elects to exercise any of the remedies provided under this Note and the Deed of Trust following default hereunder.  Borrower's indemnity obligations under this section shall not in any way be affected by the presence or absence of covering insurance, or by the amount of such insurance or by the failure or refusal of any insurance carrier to perform any obligation on its part under any insurance policy or policies affecting the Property as defined in the Deed of Trust and/or Borrower's business activities. Should any claim, action or proceeding be made or brought against Lender by reason of any event as to which Borrower's indemnification obligations apply, then, upon Lender's demand, Borrower, at its sole cost and expense, shall defend such claim, action or proceeding in Borrower's name, if necessary, by the attorneys for Borrower's insurance carrier (if such claim, action or proceeding is covered by insurance), or otherwise by such attorneys as Lender shall approve.  Lender may also engage its own attorneys at its sole and absolute discretion to defend Borrower and to assist in its defense and Borrower agrees to pay the fees and disbursements of such attorneys.  The relationship between Borrower and Lender created by this Note and the Deed of Trust is strictly a debtor and creditor relationship and no fiduciary relationship exists between Lender and Borrower nor is the relationship between any of these three to be construed as creating any partnership or joint venture between Lender and Borrower. Borrower is exercising Borrower's own judgment with respect to Borrower's business. All information supplied to Lender is for Lender's protection. There is no duty for Lender to review, inspect, supervise or inform Borrower of any matter with respect to Borrower's business. Lender and Borrower intend that Lender may reasonably rely on all information supplied by Borrower to Lender together with all representations and warranties given by Borrower to Lender without investigation or confirmation by Lender and that any investigation or failure to investigate will not diminish Lender's right to so rely.

**13. MADE OR ARRANGED BY A REAL ESTATE BROKER.** Borrower acknowledges that this Note was made or arranged by a licensed California Real Estate Broker and that the broker's participation was a material factor in consummating this loan.

**14. USURY.** All agreements between Borrower and Lender are expressly limited, so that in no event or contingency, whether because of the advancement of the proceeds of this Note, acceleration of maturity of the unpaid principal balance, or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance, or retention of the money to be advanced under this Note exceed the highest lawful rate permissible under applicable usury laws. If, under any circumstances, fulfillment of any provision of this Note or the Deed of Trust securing this Note or any other agreement pertaining to this Note, after timely performance of such provision is due, shall involve exceeding the limit of validity prescribed by law that a court of competent jurisdiction deems applicable, then, ipso facto, the obligations to be fulfilled shall be reduced to the limit of such validity. If, under any circumstances, Lender shall ever receive as interest an amount that exceeds the highest lawful rate, the amount that would be excessive interest shall be applied to reduce the unpaid principal balance under this Note and not to pay interest, or, if such excessive interest exceeds the unpaid principal balance under this Note, such excess shall be refunded to Borrower. This provision shall control every other provision of all agreements between Borrower and Lender.

**15. USE OF PROCEEDS.** Borrower represents and warrants to Lender that the proceeds of this Note will be used solely for business, commercial investment, or similar purposes, and that no portion of it will be used for personal, family, or household purposes.

**16. USE OF PROPERTY.** Borrower hereby covenants, represents and warrants that neither Borrower, Borrower's tenant(s) nor any other occupant of the Property is currently or shall in the future use the Property, except in compliance with all applicable federal, state, and local laws, ordinances, rules and regulations; nor shall Borrower, Borrower's tenant(s) or any other occupant cause the Property to become subject to any use that is not in compliance with all applicable federal, state, and local laws, ordinances, rules and regulations. Should for any reason this covenant, representation and warranty by Borrower be breached, violated, or in any way become untrue,

Borrower's Initials _____          Page 3 of 4                                    Promissory Note

Exhibit 1 Page 0011

Borrower shall be in default of the terms of the Promissory Note and Lender, at Lender's option, may, in addition to any other remedies it may have and without prior notice, declare all sums due to Lender under the Promissory Note regardless of their stated due date(s), immediately due and payable and/or raise the Interest Rate to the Default Interest Rate.

If Borrower suspects any tenant or other occupant of the Property is using the Property in a manner that is not in compliance with any applicable federal, state, and local laws, ordinances, rules and regulations, Borrower shall immediately take appropriate action to remedy the violation, and shall notify Lender of any potential violation within one (1) day of discovery of any such potential violation.

**17. EXTENSION FEE.** A 1% Extension Fee will be charged if the loan is not paid in full by April 30, 2024.

**18. EXIT FEE.** N/A

**19. INSURANCE.** Borrower agrees to provide insurance as detailed in the Deed of Trust.  In accordance with California Civil Code, Sec. 2955.5(a) Borrower is advised that no lender shall require a borrower, as a condition of receiving or maintaining a loan secured by real property, to provide hazard insurance coverage against risks to the improvements on that real property in an amount exceeding the replacement value of the improvements on the property.

This Note is entered into as of the Date of Note first above written.

Borrower: **Greg Peplin and Ashley Peplin**

**Greg Peplin**                                          **Ashley Peplin**

Borrower's Initials _____          Page 4 of 4                                          Promissory Note

Exhibit 1 Page 0012

# EXHIBIT 2

Exhibit 2 Page 0013



**This page is part of your document - DO NOT DISCARD**



# 20240093414



**Pages:
0007**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**02/12/24 AT 09:35AM**

| | |
|---|---|
| FEES: | 66.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 150.00 |
| PAID: | 216.00 |



**L E A D S H E E T**



202402123240009

**00024208228**



014532844

**SEQ:
01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**



E040114

Exhibit 2 Page 0014

**RECORDING REQUESTED BY:**
Chicago Title Company

**AND WHEN RECORDED MAIL DOCUMENT TO:**
Equity Financial Design, LLC
PO Box 2756
Chino Hills, CA 91709-0092

_____ Space Above This Line for Recorder's Use Only _____

A.P.N.: 8664-036-030                                                               File No.:

# DEED OF TRUST WITH ASSIGNMENT OF RENTS
## (LONG FORM)

THIS DEED OF TRUST, made this day June 28, 2023, between

TRUSTOR: **Greg Peplin and Ashley Peplin, Husband and Wife as Joint Tenants**

whose address is: **1429 Via Sevilla, La Verne, CA 91750**

TRUSTEE: **Chicago Title Company**

and BENEFICIARY: **Equity Financial Design, LLC, a California Limited Liability Company**

WITNESSETH: That Trustor irrevocably grants to Trustee in trust, with power of sale, that property in the City of La Verne, County of Los Angeles, State of California, described as:

LOT 30 OF TRACT NO. 36278, AS PER MAP RECORDED IN BOOK 922, PAGES 81 TO 87 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY

together with rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits for the purpose of securing (1) payment of the sum of **$505,000.00**, with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof, (2) the performance of each agreement of Trustor incorporated by reference or contained herein and (3) payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

A.  To protect the security of this Deed of Trust, Trustor agrees:

1)  To keep said property in good condition and repair, not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune

(Continued on Page 2)

Exhibit 2 Page 0015

and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

4) To pay, at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all cost, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B.  It is mutually agreed:

1) That any award in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

2) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require payment when due of all other sums so secured or to declare default for failure so to pay.

3) That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easements thereon, or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(Continued on Page 3)

Exhibit 2 Page 0016

4) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto".

5) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collecting of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

6) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of trustee and of this Trust, including costs of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

7) That Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(Continued on Page 4)

Exhibit 2 Page 0017

8) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

9) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

10) Trustor requests that copies of the notice of default and notice of sale be sent to Trustor's address as shown above.

Beneficiary requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Beneficiary's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the California Civil Code.

If the Trustor shall sell, convey or alienate said property, or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the Beneficiary being first had and obtained, Beneficiary shall have the right, at its option, except as prohibited by law, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any Note evidencing the same, immediately due and payable.

_____    AKA Gregory Peplin
**Greg Peplin**

_____
**Ashley Peplin**

(Continued on Page 5)

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF _California_ )SS

COUNTY OF _Los Angeles_ )

On _6-28-2023_ before me, _Blas Lopez Rodriguez_ , Notary Public, personally appeared _Ashley Peplin and Gregory Peplin_ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.                                    _This area for official notarial seal._

_____
Notary Signature

BLAS LOPEZ RODRIGUEZ
Notary Public - California
Los Angeles County
Commission # 2374258
My Comm. Expires Oct 2, 2025

(Continued on Page 6)

Exhibit 2 Page 0019

--------------------------------------------------DO NOT RECORD--------------------------------------------------
### REQUEST FOR FULL RECONVEYANCE
*To be used only when note has been paid.*

To: Fidelity National Title Company **, Trustee**                    Dated:_____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

Mail Reconveyance to:                    _____

_____                    _____

_____

_____                    By_____

_____                    By_____

### NOTE:  Signatures on this Request for Full Reconveyance must be notarized.

**Do not lose or destroy this Deed of Trust OR THE NOTE which it secures.
Both must be delivered to the Trustee for cancellation before reconveyance will be made.**

1193 (1/94)
Page 6 of 6

Exhibit 2 Page 0020

# EXHIBIT 3

Exhibit 3 Page 0021

**Greenberg Glusker**

Keith Patrick Banner

D:  310.201.7469
F:  310.553.0687
KBanner@ggfirm.com
File Number: 51009-00002

June 4, 2024

**Via FedEx**

EQUITY FINANCIAL DESIGN, LLC
2825 Galloping Hills Road
Chino Hills, California 91709
Attn:  Thomas Allen McPherson
        Agent for Service of Process

        Re:    **In re Gregory A. Peplin**
               **United States Bankruptcy Court, Central District of California**
               **Case No. 2:24-bk-13645-DS**

Dear Mr. McPherson:

        Our office represents Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Gregory A. Peplin (the "Debtor"), Bankruptcy Case 2:24-bk-13645-DS, United States Bankruptcy Court for the Central District of California.  As you are aware, on May 9, 2024 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 7 of title 11 United States Code (the "Bankruptcy Code").  On the Petition Date, the Trustee was vested with all claims and causes of action belonging to the Debtor's estate, including claims for the avoidance and recovery of avoidable transfers pursuant to, among other statutes, sections 547 and 550 of the Bankruptcy Code.  The Trustee has authority to pursue such claims on behalf of the Debtor's bankruptcy estate.

        As you are likely aware, prior to the Petition Date, Equity Financial Design, LLC ("EFD") advanced to the Debtor a loan (the "Loan") in the principal amount of $505,000 pursuant to a promissory note dated June 28, 2023, a copy of which has been enclosed for your reference.  As you are undoubtedly further aware, despite the Note purporting to be secured by the Debtor's real property, EFD did not record a deed of trust with the Los Angeles County Recorder's office contemporaneously with Loan advance.  Rather, EFD recorded a deed of trust with respect to the Loan on February 12, 2024 (the "DOT") – over eight (8) months after the Loan was advanced to the Debtor.  A copy of the DOT recorded with the Los Angeles County Recorder's office as Instrument No. 20240093414 is enclosed herewith.

        Pursuant to section 547 of the Bankruptcy Code, the Trustee is empowered to avoid any transfer of an interest of the Debtor in property made within the 90-day period prior to the Petition Date that is made on account of an antecedent debt.  EFD's late recording of the DOT in the 90-day pre-petition period falls squarely under section 547 of the Bankruptcy Code.

EQUITY FINANCIAL DESIGN, LLC
June 4, 2024
Page 2

As the recording of the DOT constitutes an avoidable transfer under section 547 of the Bankruptcy Code, the Trustee hereby demands that EFD promptly file the appropriate documents with the Los Angeles County Recorder's office reconveying, cancelling, withdrawing or otherwise terminating the DOT.  In order to avoid legal action, EFD must complete the foregoing actions **no later than thirty (30) days from the date hereof.**

This letter is sent without prejudice to the rights of the Trustee, all of which are expressly reserved, including the right to seek appropriate costs and other damages and right to pursue additional claims not mentioned or described herein.

If you would like to discuss this matter, you may reach me directly at 310.201.7469.

Sincerely,

Keith Patrick Banner

KPB:cmw

Enclosure

cc:    Jason M. Rund, Trustee (via email)

Exhibit 3 Page 0023

GreenbergGlusker.com

# NOTE SECURED BY DEED OF TRUST

Loan Number: 2023-1429    Date of Note: **June 28, 2023**    APN: **8664-036-030**    Chino Hills, California

Property Address: 1429 Via Sevilla, La Verne, CA 91750

**1. BORROWER'S PROMISE TO PAY.** In return for a loan ("Note") that I have received, I promise to pay U.S. **$505,000.00** ("principal"), plus interest, to the order of **Equity Financial Design, LLC,** as to an undivided 100% interest, (all of whom will be called "Lender"). I understand that the Lender may transfer this Note at which time such transferee shall also be called Lender.

**2. INTEREST.** I will pay interest at **11.0%** per annum (the "Interest Rate") on the unpaid principal in the manner described below. Interest commences on the date the loan amount is wired to escrow or title (the "Funding Date" which is anticipated to be **June 29, 2023**). By executing this Note, I authorize Lender to fund this loan immediately, subject to Lender's completion of its underwriting practices, which are at Lender's sole and absolute discretion. Lender has not and will not fully approve the Loan until Lender, at its sole and absolute discretion, has deposited funds into an escrow account and has instructed the escrow or title company to disburse the funds to Borrower directly and/or to third parties on Borrower's behalf. No oral modification of this condition is valid or effective. Interest will be charged on unpaid principal until and including the following date after Lender has received the full amount of principal and any other outstanding amounts: a) the date Lender receives a wire for such amount, or b) the next business day after which Lender receives a cashier's check for such amount, or c) five (5) business days after Lender receives such amount via any other form.

**3. PAYMENTS.** I will make my payments without demand by Lender each month on the 1st day of each month in the amount of **$4,629.16** ("Starting Monthly Payment") beginning on the first day of the second month following the Funding Date (such first payment is estimated to be August 1, 2023) and continuing monthly until July 1, 2024 (the "Maturity Date") at which time all sums of principal and interest then remaining unpaid shall be due and payable in full along with a $30.00 wire fee to Lender. Interest for the calendar month in which this Note is funded and the calendar month in which the entire principal balance of this Note is paid off will be calculated on the basis of a 360-day year and the actual number of days elapsed. Interest for any other calendar month during which the principal of this Note is outstanding will be calculated on the basis of a 360-day year and an average month of 30.41667 days (1/12th of 365 days) in the following manner: by multiplying the outstanding principal amount by the Interest Rate (or Default Interest Rate, if applicable), multiplying the product thereof by 30.41667, and dividing the product so obtained by 360. A payment of interest from the Funding Date to and including the last day of the same calendar month as the Funding Date shall be paid on the Funding Date and withheld from the loan proceeds wired to the title company. I will make my payments payable as follows: 100% of the payment amount above shall be payable to Equity Financial Design, LLC, PO Box 2756, Chino Hills, CA 91709, unless otherwise notified by Lender. Each payment under this Note shall be credited in the following order: (a) costs, fees, charges, and advances paid or incurred by Lender or payable to Lender and interest thereon under any provision of this Note or the Deed of Trust, in such order as Lender, in its sole and absolute discretion, elects, (b) interest payable under the Note, and (c) principal under the Note. I do not have the right to prepay interest and Lender has no obligation to accept interest before it is due.

**4. BORROWER'S FAILURE TO PAY AS REQUIRED.**

   **(A) Late Charge For Overdue Payments.** If I do not pay the full amount of each monthly payment by the end of **10** calendar days after the date it is due, I will pay a late charge to Lender. The amount of the charge will be **10.00%** of my overdue payment or U.S.**$5.00**, whichever is more. I will pay this late charge only once on any late payment.

   **(B) Default.** If I do not pay the full amount of each monthly payment due under this Note by the date stated in paragraph 3 above, I will be in default, and Lender may demand that I pay immediately all amounts that I owe under this Note.

   Even if, at a time when I am in default, Lender does not require me to pay immediately in full as described above, Lender will still have the right to do so if I am in default at a later time.

   **(C) Interest on Interest.** If any interest payment under this Note is not paid when due, the unpaid interest shall be added to the principal of this Note, shall become and be treated as principal, and shall thereafter bear like interest at the Default Interest Rate.

   **(D) Entire Balance Due/Default Interest Rate.** If I am in default of any covenants, representations, or warranties contained in the Deed of Trust, Personal Guaranty, Certificate of Business Purpose Loan, or this Note, Lender may do one or more of the following: (i) require that I immediately pay any outstanding balance with interest due on this balance until paid and/or (ii) raise the above stated Interest Rate to 15.00% (the "Default Interest Rate") without any notice during the period I am in default. The increased Interest Rate shall apply from the occurrence of the default until all defaults have been cured. Lender may exercise one of these options without giving up its right to exercise another option if my default continues.

   **(E) Payment of Lender's Costs and Expenses.** If Lender incurs any costs and/or expenses in enforcing the terms of this Note, I agree to pay all of such Lender's costs and expenses to the extent not prohibited by applicable law and such costs and expenses shall become additional obligations under this Note and secured by the Deed of Trust. Those expenses include, for example, reasonable

Borrower's Initials _____    Page 1 of 4    Promissory Note

Exhibit 3 Page 0024

attorney's fees. A default upon any interest of any Lender shall be a default upon all interests. Such costs and expenses shall be added to principal and bear interest at the Interest Rate or Default Interest Rate, whichever is applicable.

**5. BORROWER'S PAYMENTS BEFORE THEY ARE DUE.** I have the right to make a <u>single</u> payment of the <u>entire</u> principal balance (but not part) at any time before the Maturity Date. Any payments in excess of what is due at that time of payment that would not pay off the entire principal balance may be held by Lender at its discretion without credit or offset to interest owed and shall be applied to the next payment(s) due. I shall give Lender <u>exactly</u> 5 business days (neither less nor more) prior written notice (with receipt acknowledged by Lender) of such principal payment. Failure to so notify Lender shall result in the payment of interest for 5 business days following a) such notice and acknowledged receipt or, b) absent such notice, the receipt of the principal payment.

**6. GUARANTEED INTEREST.** Notwithstanding anything else contained herein, in no event shall Borrower pay less than the equivalent of 30 days' interest on the Note.

**7. BORROWER'S WAIVERS.** I waive my rights to require Lender to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to Lender if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors, sureties and endorsers."

**8. RESPONSIBILITIES OF PERSONS UNDER THIS NOTE.** Each person who signs this Note along with any person who is a guarantor, surety, or endorser of this Note as well as anyone who takes over the obligations of any of these persons, is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Lender may enforce its rights under this Note against each person individually or against all of us together. This means that anyone of us may be required to pay all of the amounts owed under this Note.

**9. DEED OF TRUST.** In addition to the protection given to Lender under this Note, a Deed of Trust with a **DUE ON SALE OR ENCUMBRANCE/TRANSFERS** clause dated the same date of this Note, protects Lender from possible losses which might result if I do not keep the promises which I make in the Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note. Some of those conditions are described as follows:

"Borrower shall not, and shall not permit, acquiesce to or allow any of the following to occur: (i) a sale, conveyance, lease for longer than one (1) year (including options to renew), assignment, transfer, encumbrance (including but not limited to "junior" liens secured by second or third trust deed) other than the lien hereof and liens for property taxes that are not yet due and payable, alienation, pledge or other disposition (whether directly or indirectly, voluntary or involuntary, or by operation of law) of all or any portion of the Property or an interest in the Property or direct or indirect ownership interests in the Borrower; (ii) the reconstitution or conversion of Borrower from one entity to another type of entity; (iii) the issuance or other creation of ownership interests in the Borrower; or (iv) a merger, consolidation, reorganization or any other business combination with respect to Borrower. For purposes of this provision, any of the events described above shall be defined as a "Transfer". If any such Transfer occurs it shall shall constitute an immediate default under the Note and Deed of Trust and any all sums due hereunder or under the Note shall be immediately due and payable."

**10. WAIVER OF JURY TRIAL.** I HEREBY AGREE TO WAIVE TO THE FULLEST EXTENT NOT PROHIBITED BY LAW, MY RIGHTS TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF: (A) THE LOAN OR THE PROPERTY, (B) THIS NOTE, THE DEED OF TRUST, OR ANY OTHER LOAN DOCUMENT OR INSTRUMENT BETWEEN MYSELF AND LENDER RELATING TO THIS NOTE, THE PROPERTY OR THE LOAN, OR (C) ANY DEALINGS BETWEEN BORROWER AND LENDER RELATING TO THE SUBJECT MATTER OF THIS NOTE OR THE LOAN. THE SCOPE OF THIS WAIVER IS INTENDED TO BE ALL ENCOMPASSING OF ANY AND ALL DISPUTES THAT MAY BE FILED IN ANY COURT AND THAT RELATE TO THE CONTRACT CLAIMS, TORT CLAIMS, ANTITRUST CLAIMS, BREACH OF DUTY CLAIMS, AND ALL OTHER COMMON LAW OR STATUTORY CLAIMS. I HERETO FURTHER WARRANT AND REPRESENT THAT I HAVE REVIEWED THIS WAIVER WITH LEGAL COUNSEL OF MY OWN CHOOSING, OR HAVE HAD AN OPPORTUNITY TO DO SO, AND THAT I KNOWINGLY AND VOLUNTARILY WAIVE MY JURY TRIAL RIGHTS HAVING HAD THE OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL. THIS WAIVER IS IRREVOCABLE, MEANING THAT IT MAY NOT BE MODIFIED EITHER ORALLY OR IN WRITING, AND THIS WAIVER SHALL APPLY TO ANY SUBSEQUENT AMENDMENTS, RENEWALS, SUPPLEMENTS, OR MODIFICATIONS TO THIS NOTE OR ANY OTHER LOAN DOCUMENT. IN THE EVENT OF LITIGATION, THIS AGREEMENT MAY BE FILED AS WRITTEN CONSENT TO A TRIAL BY THE COURT WITHOUT A JURY TRIAL.

**11. WAIVER AND RELEASE BY BORROWER.** To the extent permitted by applicable law, Borrower: (a) waives (i) protest of the Note and Deed of Trust held by Lender on which Borrower is any way liable and (ii) notice and opportunity to be heard, after acceleration in the manner that is provided herein, before exercise by Lender of the remedies of self-help or set-off permitted by law or by any agreement with Borrower, and except where required hereby or by law, notice of any other action taken by Lender; and

Exhibit 3 Page 0025

(b) releases Lender and and its/their ...icers, attorneys, agents and employees from all clai...s for loss or damage caused by any act or omission on the part of Lender and RIC and/or its/their officers, attorneys, agents and employees, except willful misconduct or gross negligence.

**12. INDEMNIFICATION, RELEASE, AND NON-LIABILITY PROVISIONS.** Borrower agrees to indemnify, to defend and to save and hold Lender harmless from any and all claims, suits, obligations, damages, losses, costs and expenses (including, without limitation, Lender's attorneys' fees), demands, liabilities, penalties, fines and forfeitures of any nature whatsoever that may be asserted against or incurred by Lender, and its/their officers, directors, employees, attorneys and agents arising out of, relating to, or in any manner occasioned by this Note and the Deed of Trust and the exercise of the rights and remedies granted Lender under this Note and the Deed of Trust (including, without limitation,  Lender's enforcing or attempting to enforce payment of the loan or in prosecuting or defending any of Lender's rights under this Note and Deed of Trust as well as by: (1) the ownership, use, operation, construction, renovation, demolition, preservation, management, repair, condition, or maintenance of any part of the Property as defined in the Deed of Trust; (2) the exercise of any of Borrower's rights that may be collaterally assigned and pledged to Lender hereunder; (3) any failure of Borrower to perform any of its obligations hereunder; (4) any misrepresentation, breach of warranty or breach of covenant by Borrower whether caused by Borrower, any obligor or others; and/or (5) any failure of Borrower to comply with any of its obligations, representations and warranties set forth herein. The foregoing indemnity provisions shall survive the cancellation or termination of this Note and/or the repayment of the loan as to all matters arising or accruing prior to such cancellation, termination and/or repayment and the foregoing indemnity shall survive in the event that Lender elects to exercise any of the remedies provided under this Note and the Deed of Trust following default hereunder. Borrower's indemnity obligations under this section shall not in any way be affected by the presence or absence of covering insurance, or by the amount of such insurance or by the failure or refusal of any insurance carrier to perform any obligation on its part under any insurance policy or policies affecting the Property as defined in the Deed of Trust and/or Borrower's business activities. Should any claim, action or proceeding be made or brought against Lender by reason of any event as to which Borrower's indemnification obligations apply, then, upon Lender's demand, Borrower, at its sole cost and expense, shall defend such claim, action or proceeding in Borrower's name, if necessary, by the attorneys for Borrower's insurance carrier (if such claim, action or proceeding is covered by insurance), or otherwise by such attorneys as Lender shall approve. Lender may also engage its own attorneys at its sole and absolute discretion to defend Borrower and to assist in its defense and Borrower agrees to pay the fees and disbursements of such attorneys. The relationship between Borrower and Lender created by this Note and the Deed of Trust is strictly a debtor and creditor relationship and no fiduciary relationship exists between Lender and Borrower nor is the relationship between any of these three to be construed as creating any partnership or joint venture between Lender and Borrower. Borrower is exercising Borrower's own judgment with respect to Borrower's business. All information supplied to Lender is for Lender's protection. There is no duty for Lender to review, inspect, supervise or inform Borrower of any matter with respect to Borrower's business. Lender and Borrower intend that Lender may reasonably rely on all information supplied by Borrower to Lender together with all representations and warranties given by Borrower to Lender without investigation or confirmation by Lender and that any investigation or failure to investigate will not diminish Lender's right to so rely.

**13. MADE OR ARRANGED BY A REAL ESTATE BROKER.** Borrower acknowledges that this Note was made or arranged by a licensed California Real Estate Broker and that the broker's participation was a material factor in consummating this loan.

**14. USURY.** All agreements between Borrower and Lender are expressly limited, so that in no event or contingency, whether because of the advancement of the proceeds of this Note, acceleration of maturity of the unpaid principal balance, or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance, or retention of the money to be advanced under this Note exceed the highest lawful rate permissible under applicable usury laws. If, under any circumstances, fulfillment of any provision of this Note or the Deed of Trust securing this Note or any other agreement pertaining to this Note, after timely performance of such provision is due, shall involve exceeding the limit of validity prescribed by law that a court of competent jurisdiction deems applicable, then, ipso facto, the obligations to be fulfilled shall be reduced to the limit of such validity. If, under any circumstances, Lender shall ever receive as interest an amount that exceeds the highest lawful rate, the amount that would be excessive interest shall be applied to reduce the unpaid principal balance under this Note and not to pay interest, or, if such excessive interest exceeds the unpaid principal balance under this Note, such excess shall be refunded to Borrower. This provision shall control every other provision of all agreements between Borrower and Lender.

**15. USE OF PROCEEDS.** Borrower represents and warrants to Lender that the proceeds of this Note will be used solely for business, commercial investment, or similar purposes, and that no portion of it will be used for personal, family, or household purposes.

**16. USE OF PROPERTY.** Borrower hereby covenants, represents and warrants that neither Borrower, Borrower's tenant(s) nor any other occupant of the Property is currently or shall in the future use the Property, except in compliance with all applicable federal, state, and local laws, ordinances, rules and regulations; nor shall Borrower, Borrower's tenant(s) or any other occupant cause the Property to become subject to any use that is not in compliance with all applicable federal, state, and local laws, ordinances, rules and regulations. Should for any reason this covenant, representation and warranty by Borrower be breached, violated, or in any way become untrue,

Borrower's Initials _____        Page 3 of 4        Promissory Note

Exhibit 3 Page 0026

Borrower shall be in default of the terms of the Promissory Note and Lender, at Lender's option, may, in addition to any other remedies it may have and without prior notice, declare all sums due to Lender under the Promissory Note regardless of their stated due date(s), immediately due and payable and/or raise the Interest Rate to the Default Interest Rate.

If Borrower suspects any tenant or other occupant of the Property is using the Property in a manner that is not in compliance with any applicable federal, state, and local laws, ordinances, rules and regulations, Borrower shall immediately take appropriate action to remedy the violation, and shall notify Lender of any potential violation within one (1) day of discovery of any such potential violation.

**17. EXTENSION FEE.** A 1% Extension Fee will be charged if the loan is not paid in full by April 30, 2024.

**18. EXIT FEE.** N/A

**19. INSURANCE.** Borrower agrees to provide insurance as detailed in the Deed of Trust. In accordance with California Civil Code, Sec. 2955.5(a) Borrower is advised that no lender shall require a borrower, as a condition of receiving or maintaining a loan secured by real property, to provide hazard insurance coverage against risks to the improvements on that real property in an amount exceeding the replacement value of the improvements on the property.

This Note is entered into as of the Date of Note first above written.

Borrower: **Greg Peplin and Ashley Peplin**

**Greg Peplin**                                    **Ashley Peplin**

Borrower's Initials_____          Page 4 of 4                          Promissory Note

Exhibit 3 Page 0027

**This page is part of your document - DO NOT DISCARD**



## 20240093414



**Pages:**
**0007**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**02/12/24 AT 09:35AM**

| | |
|---|---:|
| FEES: | 66.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 150.00 |
| PAID: | 216.00 |



**L E A D S H E E T**



202402123240009

00024208228

014532844

**SEQ:**
**01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

Exhibit 3 Page 0028

E646114

**RECORDING REQUESTED BY:**
Chicago Title Company

**AND WHEN RECORDED MAIL DOCUMENT TO:**
Equity Financial Design, LLC
PO Box 2756
Chino Hills, CA 91709-0092

_____ Space Above This Line for Recorder's Use Only _____

A.P.N.: 8664-036-030                                                                 File No.:

# DEED OF TRUST WITH ASSIGNMENT OF RENTS
## (LONG FORM)

THIS DEED OF TRUST, made this day June 28, 2023, between

TRUSTOR: **Greg Peplin and Ashley Peplin, Husband and Wife as Joint Tenants**

whose address is: **1429 Via Sevilla, La Verne, CA 91750**

TRUSTEE: **Chicago Title Company**

and BENEFICIARY: **Equity Financial Design, LLC, a California Limited Liability Company**

WITNESSETH: That Trustor irrevocably grants to Trustee in trust, with power of sale, that property in the City of La Verne, County of Los Angeles, State of California, described as:

LOT 30 OF TRACT NO. 36278, AS PER MAP RECORDED IN BOOK 922, PAGES 81 TO 87 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY

together with rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits for the purpose of securing (1) payment of the sum of **$505,000.00**, with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof, (2) the performance of each agreement of Trustor incorporated by reference or contained herein and (3) payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

A. To protect the security of this Deed of Trust, Trustor agrees:

1) To keep said property in good condition and repair, not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune

(Continued on Page 2)

Exhibit 3 Page 0029

and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

4) To pay, at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all cost, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B. It is mutually agreed:

1) That any award in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

2) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require payment when due of all other sums so secured or to declare default for failure so to pay.

3) That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easements thereon, or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(Continued on Page 3)

Exhibit 3 Page 0030

4)  That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto".

5)  That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collecting of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

6)  That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of trustee and of this Trust, including costs of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

7)  That Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(Continued on Page 4)

Exhibit 3 Page 0031

8) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

9) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

10) Trustor requests that copies of the notice of default and notice of sale be sent to Trustor's address as shown above.

Beneficiary requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Beneficiary's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the California Civil Code.

If the Trustor shall sell, convey or alienate said property, or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the Beneficiary being first had and obtained, Beneficiary shall have the right, at its option, except as prohibited by law, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any Note evidencing the same, immediately due and payable.

**Greg Peplin**   AKA Gregory Peplin

**Ashley Peplin**

(Continued on Page 5)

Exhibit 3 Page 0032

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF _California_ )SS

COUNTY OF _Los Angeles_ )

On _6-28-2023_ before me, _Blas Lopez Rodriguez_ , Notary Public, personally appeared _Ashley Peplin and Gregory Peplin_
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.                                    _This area for official notarial seal._

_____
Notary Signature

BLAS LOPEZ RODRIGUEZ
Notary Public - California
Los Angeles County
Commission # 2374258
My Comm. Expires Oct 2, 2025

(Continued on Page 6)

Exhibit 3 Page 0033

----------------------------------------------------DO NOT RECORD----------------------------------------------------

## REQUEST FOR FULL RECONVEYANCE

*To be used only when note has been paid.*

To: Fidelity National Title Company **, Trustee**              Dated:_____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

Mail Reconveyance to:                              _____

_____

_____

_____              By_____

_____              By_____

### NOTE:  Signatures on this Request for Full Reconveyance must be notarized.

**Do not lose or destroy this Deed of Trust OR THE NOTE which it secures.
Both must be delivered to the Trustee for cancellation before reconveyance will be made.**

within strict time limits, see current FedEx Service Guide.

jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed
declared value, Recovery cannot exceed actual documented loss. Maximum for items for extraordinary value is $1,000, e.g.
other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized
FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and
your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from
delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document
fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage,
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on

2. Place label in shipping pouch and affix it to your shipment.
1. Fold the printed page along the horizontal line.
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
After printing this label:



ORIGIN ID:CIBA            (310) 785-6858
CYNTHIA MILLER WATKINS
GREENBERG, GLUSKER
2049 CENTURY PARK EAST
SUITE 2600
LOS ANGELES, CA 90067
UNITED STATES US

SHIP DATE: 04JUN24
ACTWGT: 0.50 LB
CAD: 102210105/INET4535

BILL SENDER

TO **THOMAS A. MCPHERSON**
**EQUITY FINANCIAL DESIGN, LLC**
**2825 GALLOPING HILLS ROAD**

**CHINO HILLS CA 91709**
(310) 785-6858
REF: 76207-00002
INV:
PO:                    DEPT:

583J3/6CA9/9AE3

FedEx Express

WED - 05 JUN 10:30A
PRIORITY OVERNIGHT

TRK# **7767 0078 1017**     0201

**WM ONTA**

**91709**
CA-US    ONT

Exhibit 3 Page 0035

Dear Customer,

The following is the proof-of-delivery for tracking number: 776700781017

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Residence |
| Signed for by: | Signature not required | Delivery Location: | 2825 GALLOPING HILLS RD |
| Service type: | FedEx Priority Overnight | | |
| Special Handling: | Deliver Weekday; Residential Delivery | | Chino Hills, CA, 91709 |
| | | Delivery date: | Jun 5, 2024 09:55 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 776700781017 | Ship Date: | Jun 4, 2024 |
| | | Weight: | 0.5 LB/0.23 KG |

**Recipient:**
Thomas A. McPherson, EQUITY FINANCIAL DESIGN, LLC
2825 Galloping Hills Road
Chino Hills, CA, US, 91709

**Shipper:**
Cynthia Miller Watkins, greenberg, glusker
2049 Century Park East
Suite 2600
LOS ANGELES, CA, US, 90067

Reference          76207-00002

Proof-of-delivery details appear below; however, no signature is available for this FedEx Express shipment
because a signature was not required.

Thank you for choosing FedEx

Exhibit 3 Page 0036